```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION

BALDE SOULEYMANE,                    :

      Petitioner,                    :

vs.                                  :   CIVIL ACTION 06-00538-CG-B

DAVID O. STREIFF[1],                 :

      Respondent.                    :

                                     :
```

### REPORT AND RECOMMENDATION

This is an action under 28 U.S.C § 2241 by Balde Souleymane, a native of Cote D'Ivoire and citizen of Guinea, who has been detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement. (Doc. 1). This action has been referred for report and recommendation pursuant to 28 U.S.C § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration. The record is adequate to determine Souleymane's claims; no evidentiary hearing is required. It is recommended that the instant petition be dismissed, without prejudice to being filed at a later date, because Souleymane prematurely filed the present attack upon his post-removal period detention.

---

[1] Bill Bateman is no longer the warden of the Perry County Correctional Center. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as warden of that facility, is substituted for Bateman as a proper respondent in this action.

**FINDINGS OF FACT**

1.   Souleymane is a native of Cote D'Ivoire and citizen of Guinea who entered the United States on or about May 8, 1980. (Doc. 1). Souleymane asserts that he entered the United States lawfully at the age of five, and that he later applied for temporary resident status under § 245A of the Immigration Nationality Act.  (Doc. 1)

2.   While Souleymane's application was pending, he left the United States temporarily, for Guinea, under a grant of advance parole. During his absence, Souleymane's application for temporary resident status was deemed abandoned.  The Immigration and Naturalization Service began removal proceedings against Souleymane with the issuance of a Notice to Appear dated March 17, 2006.  Souleymane was placed in Immigration custody when he attempted to re-enter the United States.  (Doc. 1 at 6).

3.   On May 31, 2006, an immigration court ordered Souleymane removed from the United States.  (Doc. 11, Ex. D).

4.   Subsequent thereto, Souleymane appealed the immigration order, and on September 8, 2006, he filed the instant action, pursuant to 28 U.S.C. § 2241, in this Court, seeking his immediate release from custody pending deportation. (Doc.1).

5.   Shortly thereafter, on September 12, 2006, the Board of Immigration Appeals adopted and affirmed the decision of the immigration court and dismissed Souleymane's appeal. (Doc. 11, Ex. A.).

6.   On September 21, 2006, Souleymane filed a petition for

review and motion to stay removal in the Second Circuit Court of Appeals. (Doc. 11, Ex. E).

**CONCLUSIONS OF LAW**

The United States Supreme Court, in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[2] the <u>Zadvydas</u> Court held that the statute "limits an alien's post-removal period detention to a period reasonably necessary to bring about that alien's removal from the

---

[2] 8 U.S.C. § 1231, entitled "Detention and Removal of Aliens to be Removed," states in pertinent part:

   (a) Detention, release, and removal of aliens ordered removed

      (1) Removal period

         (A) In general

            Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

         (B) Beginning of period

            The removal period begins on the latest of the following:
               (i) the date the order of removal becomes administratively final.
               (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final Order.
               (iii) If the alien is detained or confined (except under an Immigration process), the date the alien is released from detention or confinement.
         (C) Suspension of period

            The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or Conspires or acts to prevent the alien's removal subject to an order of removal.

United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231. See Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002). Relying on the Zadvydas decision, the Eleventh Circuit Court of Appeals, in Akinwale, held that the six-month period "must have expired at the time [Petitioner's] petition was filed in order to state a claim under Zadvydas." Akinwale, 287 F.3d at 1052. The Akinwale Court also noted that the six-month period could be interrupted by a petitioner's motion for a stay of deportation or removal. See Id., n.4 ("Akinwale was taken into custody on November 17, 1999, and interrupted the running of time under Zadvydas by moving on December 3, 1999, for a stay of deportation in his prior appeal to this Court. The stay was granted on January 1, 2000. ....Akinwale subsequently filed the § 2241 petition in this case on March 21, 2000. Thus, Akinwale, unlike the aliens in Zadvyas, chose to simultaneously challenge issues related to his removal order and his post-removal period detention. Therefore, Akinwale did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months."); 8 U.S.C. § 1231(a)(1)(c) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary

to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").

Like the petitioner in Akinwale, in this case, Souleymane has filed his habeas petition prematurely. The Government contends, and Souleymane does not dispute the fact that the order directing his removal has been stayed, and that his appeal of the removal order is still pending before the Second Circuit Court of Appeals. Accordingly, in accordance with Zadvydas, Akinwale, and the removal statute, 8 U.S.C § 1231, the six-month period of detention deemed presumptively reasonable by the Supreme Court has not yet commenced since at the time Souleymane filed this action, his appeal before the Immigration Board of Appeals was still pending. Moreover, his Second Circuit appeal has not yet been resolved.

In his reply, Petitioner essentially argues that his detention should be reviewed under INA § 236(c), as opposed to INA § 241; however, he is mistaken. (Doc. 12). The Immigration and Nationality Act (INA), § 236(c), 8 U.S.C. § 236 (c)1226, mandates the detention of certain deportable aliens before a final order of removal, while § 241 governs the detention of aliens following a final order of removal. An order of removal becomes final upon the occurrence of delineated events, including upon dismissal of an appeal by the Board of Immigration Appeals. 8 C.F.R. § 241.1(2002). Notwithstanding Petitioner's assertions to the contrary, this case is governed by INA § 241 because the Board of Immigrations has issued an order affirming the order of removal. See De La Teja v.

United States, 321 F.3d 1357 (11th Cir. 2003)(Because a final removal order has been entered, De La Teja is no longer being detained pursuant to INA § 236( c), which governs detention prior to a final removal order.  Instead, he is now being detained pursuant to a wholly different statute, INA § 241(a), which controls the detention and removal of an alien subject to a final order of removal.); Byfield v. Ashcroft, 74 Fed. Appx. 411, 2003 U.S. Appx LEXIS 18760 (5th Cir. 2003)(Although the petitioner was originally detained under INA § 236, where Board of Immigration Appeals affirmed order of removal, the case then became governed by INA § 241).

**CONCLUSION**

For these reasons, the undersigned recommends that this Court dismiss, without prejudice, Balde Souleymane's petition under 28 U.S.C. § 2241 as prematurely filed, pursuant to 8 U.S.C. 1231.  The dismissal is without prejudice to Souleymane's ability to file a new habeas petition in the future when he is able to state a claim under Zadvydas.

The attached sheet contains important information regarding objections to the report and recommendation of the undersigned magistrate judge.

Done this the **15th** day of **May 2007.**

                                        /s/ SONJA F. BIVINS
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.     **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.